IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MATTHEW STRONG, JR., | ◊ | |
|  | ◊ | |
| Plaintiff, | ◊ | |
|  | ◊ | |
| vs. | ◊ | No. 06-2851-B/V |
|  | ◊ | |
| ENTERPRISE RENT-A-CAR | ◊ | |
| TENN., | ◊ | |
|  | ◊ | |
| Defendants. | ◊ | |
|  | ◊ | |

ORDER TO CORRECT THE DOCKET
ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE SERVICE

Plaintiff Matthew Strong, Jr.,[1] filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on December 14, 2006, along with motions seeking leave to proceed in forma pauperis and for appointment of counsel. Based on the information set forth in Plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record Defendant as Enterprise Rent-A-Car Tenn.

As to the motion for appointment of counsel, two statutes authorize the district court to request or appoint counsel for an indigent plaintiff. Twenty-eight U.S.C. § 1915(d) provides that

---

[1] The Clerk has recorded Strong's first name as Mattew. Strong's first name is Matthew and the Clerk shall correct the docket to reflect his properly spelled name.

the "court may request an attorney to represent any such person unable to employ counsel."[2]  Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney."  An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972).  Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977).  Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dept., 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

   A review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time.  Plaintiff appears to understand the facts

---

[2] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989).

and applicable law sufficiently to represent himself. Furthermore, it does not appear from the affidavit supporting his motion that he will be unable to obtain counsel on his own. The motion is DENIED.

The Clerk is ORDERED to issue process for Defendant and deliver that process to the marshal for service. Service shall be made on Defendant either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4. 03 and 4.04(10) or personally pursuant to Rule 4(h)(1) and Tenn. R. Civ. P. 4.04(4) if mail service is not effective.

It is ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for Defendant, or on Defendant if it has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 23rd day of January, 2007.

                                         s/ J. DANIEL BREEN
                                         UNITED STATES DISTRICT JUDGE